IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| ANNE MARIE CORDES | ) | C/A No.: 9:09-CV-01576-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL ASTRUE, Commissioner | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Anne Marie Cordes, brought this action pursuant to 42 U.S.C. § 405(g), to

obtain judicial review of the final decision of the Commissioner of Social Security denying her claim

for disability insurance benefits ("DIB") under Titles II and XVI of the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social

Security Act is a limited one. Section 405(g) of that Act provides: "The findings of the Commissioner

as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g).

"Substantial evidence has been defined innumerable times as more than a scintilla, but less than [a]

preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v.*

*Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v.*

*Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the

factual circumstances that substitutes the court's findings for those of the Commissioner. *See, e.g.,*

*Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he

court [must] uphold the [Commissioner's] decision even should the court disagree with such decision

as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th

1

Cir. 1972). As noted by Judge Soboleff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff applied for DIB on February 1, 2006, alleging disability since January of 2004 due to chronic neck and low back pain. She is a 46-year-old female who graduated from high school. Her past work experience includes employment as a cashier and machinist.

Plaintiff's claims were denied initially and upon reconsideration. The plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on September 16, 2008. The ALJ thereafter denied plaintiff's claims in a decision issued October 15, 2008. The Appeals Council denied the plaintiff's request for review, and the ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff then appealed to the United States District Court.

In her appeal to this Court, Plaintiff asserts that there is not substantial evidence to support the the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Plaintiff was properly found not to be disabled.

Under the Social Security Act, the plaintiff's eligibility for the benefits she is seeking hinges on whether she "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months. . . . " *Id.* at § 423(d)(1)(A). The burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id.* at § 404.1560; (2) age, *id.* at § 404.1563; (3) education, *id.* at § 404.1564; (4) work experience, *id.* at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* at § 404.1560. If the assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* at § 404.1560. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents

3

him from returning to his previous work, and (5) whether the impairment prevents him from performing some other available work.

The ALJ made the following findings in this case:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since August 1, 2004, the alleged onset date (20 C.F.R.§§ 404.1520(b), 404.1571 *et seq*.).

3. The claimant has the following severe impairments: cervical disc displacement, cervical radiculitis, lumbar facet arthropathy, lumbar radiculopathy, myofascial pain, history of bilateral carpal tunnel surgeries, and obesity (20 C.F.R. § 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of entire record, the undersigned finds that the claimant has the residual functional capacity to perform a limited range of light work as defined in 20 C.F.R. § 404.1567(b). She can lift and carry up to twenty pounds occasionally and up to ten pounds frequently. She can occasionally climb, stoop, kneel, crouch, and crawl. She can do a combination of sitting, standing, and walking during an eight-hour work day, but she cannot do any of these activities longer than 30 minutes at one time. She can never climb ropes, ladders, or scaffolds. She can frequently balance and occasionally perform overhead reaching, bilaterally, and she can frequently do fine and gross manipulation with the right upper extremity. Although the undersigned found depression non-severe, she is limited to routine and repetitive work with only occasional public contact.

6. The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).

7. The claimant was born on February 11, 1964 and was 40 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 C.F.R. § 404.1563).

4

8. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. § 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. § 404.1560(c) and 404.1566).

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge. On June 21, 2010, Magistrate Judge Bristow Marchant filed a Report and Recommendation ("R&R"), concluding that "the record contains substantial evidence to support the conclusion of the Commissioner that the Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period" and recommending that the Commissioner's decision be affirmed. On July 6, 2010, the Plaintiff filed timely objections to the R&R. The Commissioner filed a Reply on July 20, 2010.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Objections

In her objections, Plaintiff argues that the Court should not adopt the Magistrate Judge's R&R, but rather should reverse the Commissioner's decision and remand the case for further proceedings because the ALJ failed to properly assess Plaintiff's residual functional capacity, did not consider the combined effects of impairments, rejected the opinion of her treating physician, and did not adequately analyze her credibility. The Court notes that the Plaintiff raised these same arguments in her Memorandum of Law, the Magistrate Judge considered these arguments, and subsequently concluded that substantial evidence supported the Commissioner's decision. The Court agrees with the Magistrate Judge's conclusion.

### A. Evidence of Physical Impairment

The Plaintiff's first objection notes "that the Magistrate appears to have adopted the Defendant's descriptions and characterizations of the medical evidence in this case. Rather than providing a balanced recitation and overview of all the evidence, he instead consistently cites only evidence which he can assert is unfavorable to the Plaintiff's arguments for disability." *Objections*, p.1. Upon review, the court lacks the authority to substitute its own judgment for that of the Commissioner. *Laws v.*

6

*Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1966). "[T]he language of § [405(g)] precludes a *de novo* judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir. 1973). The Magistrate Judge's discussion of the medical records and opinions of Plaintiff's treating and examining physicians provides substantial evidence to support the residual functional capacity found by the ALJ. Further, the Magistrate Judge did not find any reversible error in the ALJ's decision to discount many of Dr. Nolan's conclusions as to the extent of Plaintiff's pain and limitations, when considered in conjunction with the other evidence of record and Dr. Nolan's own treatment notes. This Court agrees with the Magistrate Judge's conclusions. *See Craig v. Chater,* 76 F.3d 585, 589-90 (4th Cir. 1996) (rejection of treating physician's opinion of disability justified where the treating physician's opinion was inconsistent with substantial evidence of record); *Burch v. Apfel,* 9 Fed. Appx. 255 (4th Cir. 2001) (finding that ALJ did not err in giving physician's opinion little weight where the physician's opinion was not consistent with her own progress notes); *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990) (stating that it is the responsibility of the ALJ to weigh the evidence and resolve conflicts in that evidence). As such, Plaintiff's first objection lacks merit.

## B. Combined Effect Analysis

According to Plaintiff's second objection:

> Contrary to the Magistrate's claim, the Plaintiff complains, not because the ALJ only used the word "combined" one time (Report, p.15), but because the ALJ never performed this analysis correctly. Plaintiff submits that this was not done because if the combined effect of her symptoms from all of her acknowledged severe impairments . . . as well as her non-severe impairments of depression, was properly considered, it would be impossible *not* to find her disabled.

7

*Objections,* p.2. However, a plain reading of the ALJ's decision and a review of the record reflects the thorough review and consideration given by the ALJ to the evidence and the combined effects of all the Plaintiff's impairments in deciding her residual functional capacity. *See Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964) (stating that the court's role is to scrutinize the record as a whole to determine whether the conclusions reached are rational); *Castellano v. Sec'y of Health & Human Servs.,* 26 F.3d 1027, 1029 (10th Cir. 1994) (The "final responsibility for determining the ultimate issue of disability is reserved to the [Commissioner]"). Substantial evidence supports the ALJ's conclusions, and the Court is bound to accept them. *See Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir. 1973). Thus, Plaintiff's second objection lacks merit.

### C. Treating Physician Evidence

In her third objection, Plaintiff states:

> The Magistrate ignores the fact that the ALJ failed to even mention two of the treating physician Dr. Nolan's reports on Ms. Cordes' functional capacity. *See* Plaintiff's Brief, pp.11-12. How can the ALJ have given proper weight to all of Dr. Nolan's opinions if he did not even discuss them? How can the Magistrate make a finding that the ALJ's decision was supported by substantial evidence, when all of Dr. Nolan's opinions were not even mentioned in the decision?

*Objections,* p.3. As to Plaintiff's reference to two of "Dr. Nolan's reports," it appears from a review of the Plaintiff's Brief that the Plaintiff is referring to (1) a July 2, 2007 opinion as to Plaintiff's inability to engage in regular work activity, and (2) a December 2008 letter stating that Plaintiff was essentially incapable of returning to significant work. A review of the ALJ's decision reveals that these opinions were, in fact, considered but discounted:

> On May 1, 2007, Dr. Nolan noted that the muscle strength of 4/5 in the right upper extremity was "good." **Follow-up visits through April 2008** made no mention of a problem with upper extremity muscle strength. . . . Finally, **the undersigned cannot credit Dr. Nolan's**

8

**opinion that the claimant is unable to work "in any significant capacity"** as this assertion relates to an issue reserved to the Commissioner of the Social Security Administration.

R.pp.22-23 (emphasis added). Moreover, as the Magistrate Judge explained in the R&R, substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler,* 739 F.2d 987, 989 (4th Cir. 1984). There is clearly substantial evidence to support the ALJ's conclusions in this case, and Plaintiff's third objection is without merit.

### D. Credibility

In Plaintiff's final objection, Plaintiff claims that "the ALJ fails to mention many of the medical findings which weigh in favor of the claimant's disability, giving disproportionate weight to other findings which he can use to discredit claimant. This is not consistent with the rule of substantial evidence." *Objections,* p.3. The Plaintiff appears to wholly overlook the fact that it is the responsibility of the ALJ to weigh the evidence and resolve conflicts in that evidence. *See Hays,* 907 F.2d at 1456. In fact, the ALJ is entitled to determine that some medical findings and opinions are more credible than others. *See Craig,* 76 F.3d at 585. As to Plaintiff's claim that this is inconsistent with the rule of substantial evidence, Fourth Circuit precedent states otherwise. *See Burch v. Apfel,* 9 Fed. Appx. 255 (4th Cir. 2001) (finding that substantial evidence supported the ALJ's decision that social security disability claimant was not disabled by depression where her treating physician's testimony was properly accorded little weight due to numerous inconsistencies); *see also Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992) (ALJ may properly give significant weight to an assessment of an examining physician); *Smith v. Schweiker,* 795 F.2d 343, 345 (4th Cir. 1986) (stating opinion of a non-examining

physician can constitute substantial evidence to support the decision of the Commissioner). Therefore, the Court finds that Plaintiff's final objection lacks merit.

## Conclusion

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendations of the Magistrate Judge and finds that "the record contains substantial evidence to support the conclusion of the Commissioner that the Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period."

Based on the foregoing, it is **ORDERED** that all objections are overruled; the Magistrate Judge's R&R is adopted and incorporated herein by reference; and the decision of the Commissioner denying benefits is hereby **AFFIRMED**.

**IT IS SO ORDERED**.

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

August 24, 2010
Florence, South Carolina